# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2022

Lyle W. Cayce
Clerk

No. 21-40495
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CORY CARNELL MITCHELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CR-8-1

Before JONES, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Cory Carnell Mitchell, federal prisoner # 05345-479, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He contends that the district court abused its discretion by improperly applying U.S.S.G.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

§ 1B1.13 when determining that he failed to show extraordinary and compelling reasons warranting relief. *See United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021).

Here, the court adequately considered Mitchell's arguments, and the record supports its conclusion that the 18 U.S.C. § 3553(a) factors weighed against release. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018); *see also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Mitchell abandons any challenge to the district court's findings regarding the § 3553(a) factors. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, it is unnecessary to consider Mitchell's arguments challenging the district court's conclusion that he failed to show extraordinary and compelling reasons warranting relief. *See Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021).

As Mitchell fails to identify a nonfrivolous argument for appeal, we DENY his motion for leave to proceed IFP and we DISMISS his appeal as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.